■ ROBERT J. STEPNOWSKI, Respondent, v. EMPIRE MUTUAL INSURANCE COMPANY, Appellant.— GIBSON, P. J. In an action against the insurer under an automobile liability insurance policy covering, in addition to the owner named as insured, any person operating with the latter's consent, plaintiff, claiming to be within such additional coverage, sues to recover the cost and expense allegedly incurred in defending certain negligence actions after the insurer's disclaimer. This appeal is taken by defendant from an order of the Supreme Court at Special Term which (1) granted plaintiff's motion to strike the first affirmative defense that plaintiff is not the real party in interest and the second affirmative defense alleging, among other things, that defendant undertook the defense of the negligence actions on behalf of its named assured under a reservation of rights; (2) as to plaintiff's motion to strike the third affirmative defense and counterclaim, struck so much thereof as referred to a carrier claiming to have afforded plaintiff excess coverage but asserted by defendant to be plaintiff's primary and sole insurer, and which did, in fact, defend him; (3) granted plaintiff's motion to strike out certain exhibits annexed to the answer; and (4) denied defendant's motion for summary judgment. Plaintiff takes no cross appeal. Neither plaintiff's moving affidavit nor his brief demonstrates any basis, under CPLR 1004 or otherwise, for striking the allegation of the first defense " That the plaintiff is not the proper party nor true party in interest ", which should, therefore, stand. The remaining allegations of that defense were properly stricken. The allegations of the second defense, which consist largely of legal conclusions and argument on the one hand and of purely evidentiary matter on the other, are unsupported by any documentary or other contradiction of the apparently separate or separable contract with the additional assured, which ordinarily would not be vitiated by the post-accident acts or omissions of the named assured, and were properly stricken; but defendant should have leave to replead, in proper form, any relevant breach of the policy provisions, should it be so advised. Otherwise, Special Term's action with respect to the answer was correct. The denial of defendant's motion for summary judgment was also proper. Defendant asserts that the judgment in a prior action for a declaratory judgment " is *res judicata* to the effect that there is a question of fact

regarding the right of Stepnowski to coverage under the Empire Mutual's policy." In that action, the Trial Court considered that the factual issue of permissive use would be determined upon the trial of the then pending negligence actions, but, as it eventuated, the actions were settled. The proof upon this motion, and particularly that denying permission, is not conclusive upon that issue. Such denials may well be asserted honestly and in good faith but will not necessarily be conclusive as against proof of circumstances from which implied permission could properly be found. Additionally, the proof generally is unsatisfactory. The papers include hearsay, unsworn statements and generalizations and in some respects not even the provisions of the two insurance policies are clearly demonstrated. Order modified, in accordance with this memorandum decision, and, as so modified, affirmed, with costs to appellant. Herlihy, Taylor, Aulisi and Hamm, JJ., concur.